IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS L. GIBSON, | : | Civil No. 3:17-cv-0547 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| CAPT. CROUCH, JR., *et al.*, | : | |
| Defendants | : | |

## **MEMORANDUM**

Plaintiff Curtis L. Gibson ("Gibson"), at all times relevant, a state inmate incarcerated at the State Correctional Institution at Smithfield ("SCI-Smithfield"), Huntingdon, Pennsylvania, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on March 16, 2017, naming "Capt. Crouch, Jr." ("Crouch") and "various other prison officials" as Defendants. (Doc. 1). Gibson amended the complaint on April 20, 2017. (Doc. 11). On July 9, 2018, he identified the "various other prison officials" as Sgt. Wiser ("Wiser") CO Brennan ("Brennan") and CO Frock ("Frock") (Doc. 91). Presently before the Court is a motion (Doc. 97) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of Defendants Wiser, Brennan and Frock.[1] For the reasons that follow, the motion will be granted in part and denied in part.

---

[1] On September 6, 2018, the Court granted Defendant Crouch's motion for summary judgment. (Docs. 105, 106). Entry of judgment has been deferred pending final resolution of the matter.

I.      Gibson's Amended Complaint

Gibson alleges that on December 31, 2016, Defendants Wiser, Brennan and Frock escorted him to the Restricted Housing Unit and placed him in cell KA-25, knowing that the sink water was inoperable. (Doc. 11, ¶¶ 10, 13; Doc. 91, ¶¶ 5, 7). Shortly thereafter, he attempted to get a drink of water and discovered that neither the hot nor cold water faucet was functioning. (Id. at 10; Id. at 7). He used various methods to notify Defendants that the sink water was not working and that the only water available to him was toilet water; his complaints were ignored. (Id. at 10, 13; Id.). His requests to be moved to a different cell were also ignored. (Doc. 11, ¶ 10). "From December 31, 2016 until January 06, 2017 (seven days) Plaintiff Gibson was forced to drink out of the toilet, which he also used to 'urinate and deficate' [sic] in as well." (Id. at 12, 13).

He claims that Defendants, in violation of the Eighth Amendment, "sadistically maliciously and with deliberate indifference, placed [him] in KA 25 cell, subjecting him to inhumane conditions, potentially serious harm, to contamination or poisoning/human waste exposure to noxious and/or harmful substances, depriving him of basic human needs and life's necessities, considered essential to physical health and well-being…" (Id. at 13). He also claims that he was denied access to the grievance system in violation of the Fourteenth Amendment. (Id. at 14).

## II. Rule 12(b)(6) Standards of Review

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. Innis v. Wilson, 334 F. App'x 454, 456 (3d Cir. 2009) (citing Phillips v. Cnty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008)). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [Bell Atl. Corp. v.] Twombly, 550 U.S. 544 (2007) and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679, 129 S.Ct. 1937. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937.

Connelly v. Lane Const. Corp., 809 F.3d 780, 787–88 (3d Cir. 2016) (internal citations, quotations and footnote omitted).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).  At the second step, the Court identifies those allegations that, being merely conclusory, are not entitled to the presumption of truth.  Twombly and Iqbal distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." Iqbal, 556 U.S. at 681.  Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

### III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.  See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and

must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Thus, § 1983 limits liability to persons who violate constitutional rights.

   A.   Official Capacity

Gibson seeks monetary damages against Defendants in their official capacity. Official-capacity suits generally represent an action against an entity of which the government official is an agent. Gregory v. Chehi, 843 F.2d 111, 120 (3d Cir. 1988); see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n. 55 (1978). When suits are brought against state officials in their official capacities, those lawsuits are treated as suits against the state. Hafer v. Melo, 502 U.S. 21, 25 (1991). However, the doctrine of sovereign immunity, established by the Eleventh Amendment, protects states, such as the Commonwealth of Pennsylvania, from suits by citizens. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100–01, 117 (1984); Seminole Tribe v. Florida, 517 U.S. 44, 54(1996); Lavia v. Pennsylvania, 224 F.3d 190, 195–96 (3d Cir. 2000). That immunity runs to state officials if they are sued in their official capacity and the state is the real party upon which liability is to be imposed. Scheuer v. Rhodes, 416 U.S. 232, 237–38 (1974). Consequently, any and all claims seeking money damages against Defendants in their official capacity are barred by sovereign immunity. See Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010).

B.  Individual Capacity

1.  Eighth Amendment Claim

To state a viable Eighth Amendment claim, Gibson must allege that (1) he suffered an "objectively, sufficiently serious" deprivation and (2) that the officials being sued had "sufficiently culpable" states of mind. Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001) (quoting Farmer v. Brennan, 511 U.S. 825, 834, (1994) ). To satisfy the first prong of this test, the condition of confinement at issue must deprive the prisoner of the minimum of civilized life's basic necessities – food, clothing, shelter. See Farmer, 511 U.S. at 832. The state of mind necessary for a viable claim under the second prong is " 'deliberate indifference' to inmate health or safety[,]" a standard that requires actual knowledge or awareness of the risk of the condition of confinement to the prisoner. Beers-Capitol, 256 F.3d at 125.

Gibson alleges that, despite possessing knowledge that the water in cell KA-25, was inoperable, Defendants deliberately placed him in that cell. He alleges that his complaints and requests to be moved to a different cell were ignored and that, because the sink water was inoperable, toilet water was the only drinking water source available to him for a period of seven days. We find these allegations sufficient to raise a claim under the Eighth Amendment. See Collier v. Adams,

602 F. App'x 850, 851 (3d Cir. 2015). Defendants motion to dismiss the Eighth Amendment claim will be denied.

  2. Fourteenth Amendment Claim

Gibson also seeks to hold Defendants liable based upon their interference with, and hinderance of, the prison grievance system. This claim fails because prisoners have no constitutionally protected right to a grievance procedure. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); Speight v. Sims, 283 F. App'x. 880, 881 (3d. Cir. 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.")).

Nor is he able to impose liability on Defendants based on responses to his grievances and requests to staff members. It has long been recognized that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond, to a prisoner's complaint or grievance, is insufficient to establish personal involvement in the underlying unconstitutional conduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207-1208 (3d Cir. 1998) (concluding that after-the-fact review of a grievance is insufficient to demonstrate the actual knowledge necessary to establish personal involvement); Simonton v. Tennis, 437 F. App'x 60, 62 (3d Cir. 2011) ("[A] prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a

7

constitutional right"); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that allegations that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct).

Defendants' motion to dismiss Gibson's Fourteenth Amendment claim will be granted.

## IV. Leave to Amend

"The obligation to liberally construe a *pro se* litigant's pleadings is well-established." Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) (citing Estelle, 429 U.S. at106). "[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile*.*" Fletcher–Harlee Corp. v. Pote Concrete Contractors., Inc., 482 F.3d 247, 251 (3d Cir. 2007); see also Foman v. Davis, 371 U.S. 178, 182 (1962). Amendment is futile "if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir.1988); *see also* Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (stating that "[i]n assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."). Affording Gibson the opportunity to amend his Fourteenth Amendment claim would be futile as it would not withstand a motion to dismiss.

## V. Conclusion

Based on the foregoing, Defendants' motion (Doc. 97) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) will be granted in part and denied in part.

An appropriate Order will enter.

BY THE COURT:

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated: March 18, 2019